**NOT FOR PUBLICATION**

UNITED STATES BANKRUPTCY COURT
DISTRICT OF NEW JERSEY

- - - - - - - - - - - - - - - - - - - - - - - - - -X
In re:

YANA L. VASILYEVA.,

    Debtor.                                 Chapter 7
                                        Case No. 07-22164 (KCF)

- - - - - - - - - - - - - - - - - - - - - - - - - -X
YANA L. VASILYEVA,

    Plaintiff,

         vs.                               Adversary No. 07-2254

THE EDUCATION RESOURCES
INSTITUTE, INC., HIGHER
EDUCATION STUDENT ASSISTANCE
AUTHORITY -STATE OF NEW
JERSEY, EDUCATIONAL CREDIT
MANAGEMENT CORPORATION, and          **OPINION**
MANHATTAN SCHOOL OF MUSIC

    Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - -X

## APPEARANCES

Yana L. Vasilyeva, Pro Se
16 Billie Ellis Lane
Princeton, New Jersey 08540
Plaintiff

Susan G. Steinman, Esquire
Schachter Portnoy, L.L.C.
3490 U.S. Route 1, Suite 6
Princeton, New Jersey 08540
Attorney for Defendant, New Jersey Higher Education
Student Assistance Authority

Kenneth L. Baum, Esquire
Cole, Schotz, Meisel, Forman & Leonard, P.A.
Court Plaza North
25 main Street - PO Box 800
Hackensack, New Jersey 07602-0800
Attorney for Defendant, Educational Credit Management Corporation

On October 24, 2007, Debtor Yana L. Vasilyeva filed a Complaint to Determine Dischargeability of a Student Loan. The Complaint sought a hardship discharge pursuant to 11 U.S.C. § 523(a)(8). The trial commenced and concluded on October 2, 2008. The Court reserved decision. The following are the Court's proposed findings of fact and conclusions of law.

**Factual Findings**

Yana L. Vasilyeva filed her Chapter 7 petition on August 27, 2007. The Chapter 7 Trustee issued a Report of No Distribution on October 15, 2007, and the Debtor received a discharge on December 14, 2007.

Prior to the petition date, Ms. Vasilyeva incurred debts for undergraduate and graduate course work. Ms. Vasilyeva incurred debt to The Education Resources Institute, Inc., New Jersey Higher Education Student Assistance Authority (NJHESAA), State of New York Higher Education Services Corporation, United Student Aid Funds, and Manhattan School of Music in connection with obtaining her Bachelor of Arts degree in Music from the Manhattan School of Music and her Juris Doctorate degree from the Thomas M. Cooley Law School. On December 3, 2007 the Court entered an order substituting Educational Credit Management Corporation (ECMC) for Defendants State of New York Higher Education Services Corporation and United Student Aid Funds. ECMC is a student loan guarantor that accepted an assignment of 11 Stafford student loans (the "ECMC loans") from Defendants State of New York Higher Education Services Corporation and United Student Aid Funds. The ECMC loans have an aggregate balance of approximately $143,769.99 as of September 26, 2008. The NJHESAA loans have an aggregate balance of approximately $37,973.39 as of September 25, 2008.

Ms. Vasilyeva has been employed as a piano teacher by Rider University since September 2006. Since 2003, Ms. Vasilyeva has also been employed intermittently in the legal field as a signing attorney/notary public, document review attorney, and essay reader/grader. She is licensed to practice law in the State of New Jersey. According to Ms. Vasilyeva's Schedule I, she makes $846.36 per month as a piano instructor. At trial, she clarified that her monthly wages fluctuate between $930 and $1,500. She testified at trial that her monthly expenses are close to $2,500 despite the fact that her Schedule I only lists $1,850 in monthly expenses. Ms. Vasilyeva shares an apartment with her mother who receives $668.25 per month for Supplemental Security Income (SSI). Ms. Vasilyeva stated that despite obtaining several forbearances and unemployment and hardship deferments, she still had two lawsuits filed against her, one of which resulted in a judgment against her. Further, Ms. Vasilyeva's wages were garnished from 12-27% at various times. Ms. Vasilyeva testified that she had no other choice but to file for Chapter 7 protection. Ms. Vasilyeva testified that she applied for consolidation soon after she graduated Manhattan School of Music and was denied.

Ms. Vasilyeva testified that she may have medical problems that are undiagnosed because she does not have medical insurance and cannot afford health care services. Ms. Vasilyeva asserts in her pretrial memorandum that she has debilitating migraines, double vision problems, and nervous gastric cramps. Further, Ms. Vasilyeva testified that she went to an emergency room multiple times for fainting spells.

**Legal Analysis**

The sole issue is whether Plaintiff (Debtor) Yana L. Vasilyeva has a right to the discharge of her educational student loans. Plaintiff alleges that "despite [a] 'good faith' effort to repay educational loans [, she] is unable to do so, due to severe and continuous financial hardship." Pl.'s Compl. ¶ 6. Typically, such loans are not dischargeable in bankruptcy; however, there is an exception if "excepting such debt from discharge ... would impose an undue hardship on the debtor and the debtor's dependents ...." 11 U.S.C. § 523(a)(8). The Bankruptcy Code does not define the term "undue hardship," but rather leaves that to judicial development. The Third Circuit Court of Appeals has adopted the definition of "undue hardship" first promulgated in Brunner v. New York Higher Educ. Services Corp. (In re Brunner), 831 F.2d 395 (2d Cir. 1987). *See*, Pennsylvania Higher Educ. Assistance Agency v. Faish (In re Faish), 72 F.3d 298 (3d Cir. 1995). In Brunner, the Second Circuit Court of Appeals held that an individual satisfies the undue hardship requirement of § 523(a)(8) if:

> 1) The debtor cannot maintain, based on current income and expenses, a 'minimal' standard of living for herself and her dependents if forced to repay the loans;
>
> 2) Additional circumstances exist indicating that this state of affairs is likely to persist for a significant portion of the repayment period of the student loans; **and**
>
> 3) The debtor has made good faith efforts to repay the loans.

Brunner at 396 (emphasis added). The Third Circuit stated that it adopted the Brunner test because it was the most consistent with the policies underlying the Bankruptcy Code because it did not require a debtor to live in abject poverty in order for a student loan to be dischargeable. Faish, 72 F.3d at 305.

The burden of establishing all three Brunner elements by a preponderance of the evidence lies with the debtor. Id. at 306. If one of the elements is not proven, the inquiry ends, and the student loans cannot be discharged. Id. As with all exceptions to discharge, however, courts should construe discharge exceptions in favor of the debtor to advance the fresh start policy underlying the Bankruptcy Code. In re Pelkowski, 990 F.2d 737 (3d Cir. 1993).

The first prong of the undue hardship test requires a debtor to prove that based on her income and expenses, she could not afford to maintain a minimal standard of living if forced to repay the loans. Faish at 306. "The first prong of the Brunner analysis requires more than a showing of tight finances." Id. If the loan can be paid by "short-term, belt tightening" then the first prong is not satisfied. Id. at 307.

The Third Circuit has not defined what a "minimal standard" of living entails, but several courts have held that it does not mean a debtor has to live in poverty. *See*, Ammirati v. Nellie Mae, Inc. (In re Ammirati), 187 B.R. 902, 906 (D.S.C. 1995) (debtor should not be forced to sell his house to lower his expenses); Nary v. The Complete Source (In re Nary), 253 B.R. 752, 763 (Bankr. N.D. Tex. 2000); Hoyle v. Pennsylvania Higher Educ. Assistance Agency, 199 B.R. 518, 523 (Bankr. E.D. Pa. 1996).

Based on the standards derived from these cases, Ms. Vasilyeva's standard of living is "minimal." Ms. Vasilyeva is under-employed and her current source of income is far below her expenses. Although the $300 per month Ms. Vasilyeva spends on transportation is suspect, considering she lives and works in the same town, even a "short-term, belt tightening" would not accomplish the goal of her income catching up to her expenses. Unlike some debtors, Ms.

Vasilyeva does not even own a house which she could sell to reduce her debts. The Court finds that Ms. Vasilyeva satisfies the first prong of the Brunner test.

The second prong of the Brunner test requires the debtor to prove that the inability to maintain a minimal standard of living will continue for a significant portion of the loan repayment period. Brunner, 831 F.2d at 396. The Third Circuit has noted that the second Brunner prong "is a demanding requirement"; it is not enough for a debtor to prove that he has no current capacity to pay his debt, rather the debtor must establish that this incapacity will continue into the future, for reasons outside the debtor's control. In re Brightful, 267 F.3d 324, 328 (3d Cir. 2001). Courts have found that in order for a medical condition to satisfy the second prong of the Brunner test, the condition must interfere with the debtor's execution of job responsibilities and it must be verified by a doctor. *See*, Brightful at 330; In re Rivera, 284 B.R. 88, 91-92 (Bankr. D.N.J. 2002).

Ms. Vasilyeva has clearly not carried this burden of proof. Ms. Vasilyeva asserts that she cares for her sick mother. While caring for a sick or disabled parent is admirable, it does not excuse meeting financial obligations. The Debtor did not present evidence that her mother's disability imposes an unmanageable financial burden on her. Ms. Vasilyeva also contends that her own medical problems may preclude her from paying her debts. Again, that does not satisfy the Debtor's burden. Besides some vague allusions to the previously mentioned medical conditions, Ms. Vasilyeva has come forward with no proof of the existence of these medical conditions. No doctor has indicated that Ms. Vasilyeva has any condition that would preclude her from performing her current job responsibilities or finding employment in the future.

Even if the Debtor had documented the existence of her medical conditions she has not met the critical second step of proving that her incapacity will "continue for a significant portion of the loan repayment period," as required by Brunner. Although she has not had good fortune in the job market to date, there are no reasons outside Ms. Vasilyeva's control that would preclude her from improving her financial condition. Ms. Vasilyeva is currently employed as a music teacher for ten months of the year, but there is nothing to preclude her from finding supplemental temporary employment for the other two months of the year. Ms. Vasilyeva is also an attorney licensed to practice law in New Jersey and has some experience in legal-related work. Ms. Vasilyeva's testimony indicates that she has made some modest efforts to obtain legal work, but the evidence falls far short of establishing that she will be unable to obtain legal or law-related work for the foreseeable future. She has not proven by the preponderance of the evidence that she has an inability to maintain a minimal standard of living throughout the repayment period of the loans. Ms. Vasilyeva has not met her burden of establishing the second prong of the Brunner test.

Although failure to satisfy any one prong of the Brunner test precludes exception from discharge, a discussion of the third prong is nonetheless appropriate. The third prong of the Brunner test requires the debtor to prove that she has made a good faith effort to repay the loans. Faish at 306. This prong has thoroughly addressed by bankruptcy courts in New Jersey. In In re Rivera, 284 B.R. 88 (Bankr. D.N.J. 2002), the court found good faith where the debtor had paid for the first year of a ten-year repayment plan, but stopped when psychological problems prevented him from keeping his job. Even in the absence of any payment some courts have found good faith where the debtor's financial condition was caused by factors beyond the debtor's control. In In re Williams, 296 B.R.

128 (Bankr. D.N.J. 2003), the court found good faith even though the debtor did not make a single payment on student loans because of her grave medical condition. In a non-precedential decision, the Third Circuit has stated that it agrees with the approach taken by other Courts of Appeals in that the good faith analysis must consider: "(1) whether the debtor incurred substantial expenses beyond those required to pay for basic necessities and (2) whether the debtor made efforts to restructure his loan before filing his petition in bankruptcy." Pelliccia v. United States Dep't of Education, 67 Fed. Appx. 88, 91 (3d Cir. 2003).

Ms. Vasilyeva does not appear to have incurred substantial expenses beyond those required to pay for basic necessities during the loan repayment period. There was no testimony regarding extravagant trips or purchases. That limited evidence of good faith, however, must be weighed against the fact that Ms. Vasilyeva made only one payment on her loans. She testified that she sought forbearances, but that even with deferments she was unable to make the payments. Ms. Vasilyeva claims that she applied for debt consolidation and was rejected, but provides no evidence of that. Moreover, Ms. Vasilyeva's situation is not the same as in Rivera or Williams where serious medical or psychological issues prevented employment.

Defendants indicate that Ms. Vasilyeva has not entered the William D. Ford Direct Loan program pursuant to 34 C.F.R. § 685.216. While application to the Ford Program is not an absolute requirement, *see, e.g.* In re Cheney, 280 B.R. 648, 664-66 (N.D. Iowa 2002); In re Fahrer, 308 B.R. 27, 35 (Bankr. W.D. Mo. 2004); In re Limkemann, 314 B.R. 190, 196 (Bankr. N.D. Iowa 2004); the failure to even explore that option makes it difficult to assess future ability to make restructured payments.

The fact that Ms. Vasilyeva did not apply for relief under the Ford Program makes the question on good faith somewhat of a close call.  However, the fact that Ms. Vasilyeva is employed for only ten months of the year, effectively having two full months of vacation, tips the balance against finding that Ms. Vasilyeva has made good faith efforts to repay the loans.

## Conclusion

The Third Circuit has made clear that it is the burden of the party seeking the discharge of student loans to establish that there is little or no hope that the loans may be repaid in the foreseeable future.  Ms. Vasilyeva has not met that burden.  Defendants should submit a form of judgment declaring the debt at issue in this adversary proceeding to be nondischargeable.

*/s/ Kathryn C. Ferguson*
KATHRYN C. FERGUSON
US Bankruptcy Judge

Dated: December 12, 2008